UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CAROLYN CORDELIA MILES,

                Appellant,                 **MEMORANDUM AND ORDER**

                v.                                 20-CV-4748 (RPK)

CHASE BANK and MICHAEL J. MACCO,

                Appellees.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Appellant Carolyn Cordelia Miles, proceeding *pro se*, appeals a bankruptcy court order dismissing her Chapter 13 petition.[1] The order is affirmed. And since the Court possesses jurisdiction only over the bankruptcy court's order, the Court disregards the two collateral matters Ms. Miles raises and terminates the motions associated with them.

## BACKGROUND

       On August 19, 2020, Ms. Miles filed for bankruptcy under Chapter 13. *See* Ch. 13 Voluntary Pet. for Individuals (Bankr. Dkt. #1).[2] This was Ms. Miles's third Chapter 13 petition in sixteen months. *See* Mot. to Dismiss Case 2 (Bankr. Dkt. #16); Appellant's Brief 4 (Dkt. #5); *In re Miles*, No. 19-BK-42114 (CEC) (E.D.N.Y. Bankr. Ct.) (filed 4/9/2019); *In re Miles*, No. 19-BK-43692 (CEC) (E.D.N.Y. Bankr. Ct.) (filed 6/14/2019).

       After filing her current petition, Ms. Miles neither filed a bankruptcy plan nor other required paperwork. However, she did move to release funds in her checking account that appellee

---

[1] Appellant describes this proceeding as both an appeal and a Rule 60(b) motion. *Compare* Appellant's Brief 1 (Dkt. #5) *with id.* at 3 & 12. Since appellant relies on 28 U.S.C. § 158 for jurisdiction, *see* Appellant's Brief 1, and Section 158 grants jurisdiction to hear "appeals," *see* 28 U.S.C. 158(a), the Court construes this proceeding as an appeal.
[2] "Bankr. Dkt." refers to the docket in *In re Miles*, No. 20-BK-42998 (JMM).

1

J.P. Morgan Chase Bank, N.A.[3] had frozen pending the resolution of a probate dispute. *See* Mot. to Impose Auto. Stay 1 (Bankr. Dkt. #18) ("Stay Mot.").

Appellee Michael J. Macco, the Chapter 13 Trustee, moved to dismiss, arguing that Ms. Miles filed this latest petition solely to obtain the benefit of 11 U.S.C. § 362's automatic stay. *See* Mot. to Dismiss Case 2. Pursuant to 11 U.S.C. § 1307(c), the bankruptcy court held a telephonic hearing on September 17, 2020. *See* Tr. & Notice (Bankr. Dkt. #56) ("Tr."). At the hearing, the bankruptcy court found that Ms. Miles lacked a "legitimate bankruptcy purpose." *Id.* 42:2-3. The court then dismissed her case for cause. *See* Order Dismissing Case with Prejudice (Bankr. Dkt. 32) ("Dismissal Order"). The dismissal barred Ms. Miles from filing for Chapter 13 bankruptcy again for one year, absent "changed circumstances" or "other good cause." *Ibid.*

Ms. Miles timely appealed. *See* Notice of Appeal (Dkt. #1). She also moves this Court to terminate a separate Chapter 7 proceeding, *In re Miles*, No. 20-BK-44326 (JMM) (Bankr. E.D.N.Y.), and to unfreeze her Chase account. Notice of Mot. for Order to Show Cause (Dkt. #7) ("Mot. re: Ch. 7 Proceeding"); Mot. for Order to Show Cause (Dkt. #12) ("Mot. re: Chase Acc't").

**STANDARD OF REVIEW**

Section 158 of the bankruptcy code authorizes district courts to review a bankruptcy court's final judgments, decrees, and orders. 11 U.S.C. § 158(a). In this posture, a district court typically reviews findings of fact for clear error and conclusions of law *de novo*. *Rora LLC v. 404 E. 79th St. Lender LLC*, 630 B.R. 876, 882 (E.D.N.Y. 2021) (citing *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 884 F.3d 382, 387 (2d Cir. 2018)). However, since equitable principles guide a bankruptcy court's decision to dismiss a case with prejudice, these decisions are reviewed for abuse of discretion. *In re Murray*, 565 B.R. 527, 530 (S.D.N.Y. 2017) (citing *In re Smith*, 507

---

[3] Appellant identifies J.P. Morgan Chase Bank, N.A., as "Chase Bank."

2

F.3d 64, 73 (2d Cir. 2007)), *aff'd*, 900 F.3d 53 (2d Cir. 2018); *see In re Chovev*, 559 B.R. 339, 343-44 (Bankr. E.D.N.Y. 2016) ("The determination of what constitutes 'cause' to dismiss . . . is left to the discretion of the court."). "A bankruptcy court exceeds its allowable discretion where its decision (1) 'rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (2) 'cannot be located within the range of permissible decisions,' even if it is 'not necessarily the product of a legal error or a clearly erroneous factual finding.'" *In re Smith*, 507 F.3d at 73 (quoting *Schwartz v. Aquatic Dev. Grp., Inc.* (*In re Aquatic Dev. Grp., Inc.*), 352 F.3d 671, 678 (2d Cir. 2003) (brackets omitted)).

In conducting this review, a court typically confines itself to the record. *In re Olympia Off. LLC*, 585 B.R. 661, 667 (E.D.N.Y. 2018) (citing *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008)). However, even when an appellant fails to file a designation of record or a complete appendix, the district court may still rely on the hearing transcript, bankruptcy court order, and records publicly filed on the bankruptcy court docket. *See Fetman v. Musso*, No. 20-CV-1101 (MKB), 2021 WL 736415, at *7 (E.D.N.Y. Feb. 25, 2021); *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 218 (E.D.N.Y. 2014); *Frostbaum v. Ochs*, 277 B.R. 470, 473 n. 1 (E.D.N.Y. May 16, 2002). While consideration of arguments raised for the first time on appeal is disfavored, *United States ex rel. Maurice Keshner v. Nursing Personnel Home Care*, 794 F.3d 232, 234 (2d Cir. 2015), the reviewing court may nevertheless affirm on any ground that finds support in the record, *Rora LLC*, 630 B.R. at 882 (E.D.N.Y. 2021). Any *pro se* filing is construed liberally to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

Since the bankruptcy court did not abuse its discretion, the appeal is denied. The motions made before this Court are terminated because this Court lacks jurisdiction over the separate Chapter 7 proceeding and the disputed account.

**I.      The Court May Rule on the Merits**

Appellant has not filed or served the required designation of record or a complete appendix. *See* Am. Transmittal (Dkt. #2); Notice of Bankr. Appeal Received (Dkt. #3). Rule 8009 requires the appellant to file and serve a designation of the items to be included in the record on appeal. *See* Fed. R. Bankr. P. 8009(a)(1). Failure to do so can be grounds for dismissal. *See In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). However, dismissal on these grounds is not required. "[T]o avoid further delay on the merits," district courts routinely decide cases on the merits even with an incomplete record or missing designation, especially when the appellant is *pro se*. *Fetman*, 2021 WL 736415, at *7; *see, e.g.*, *Taneja v. Health Law Firm*, No. 17-CV-5618 (ER), 2017 WL 11475266, at *2 n.4 (S.D.N.Y. Nov. 20, 2017); *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. at 218; *Frostbaum*, 277 B.R. at 473 n. 1 (recognizing that Federal Rule of Bankruptcy Procedure 8019 (now Rule 8028) authorizes courts to obtain missing components of the record "[i]n order to expedite a decision" when the appellant is *pro se*); *In re Harris*, 464 F.3d 263, 273 (2d Cir. 2006) (discussing *Frostbaum* favorably).

Since the appellees did not indicate prejudice, and the record is "sufficient to enable an informed review of the parties' arguments," ruling on the merits is appropriate here. *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. at 218. Conversely, dismissal on procedural grounds would not be, since the Court did not warn the *pro se* appellant of her failure to file the designation or give her an opportunity to cure the defect. *See Fetman*, 2021 WL 736415, at *7; *In re Harris*, 464 F.3d at 272-73. In ruling, the Court limits its review to the "[h]earing transcript . . . , the [b]ankruptcy [c]ourt [o]rder, and the records publicly filed on the [b]ankruptcy

4

[c]ourt['s] docket" and this Court's own docket. *Fetman*, 2021 WL 736415, at *7; *Taneja*, 2017 WL 11475266, at *2 (considering similar materials when the appellant was *pro se* even though he did not include the transcript in the record).

II. **The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing Ms. Miles' Case**

The record contains a sufficient basis for the bankruptcy court's order. Therefore, the order is affirmed.

A. **The bankruptcy code authorizes such dismissals.**

Chapter 13 provides debtors with extraordinary protections. When a debtor files for bankruptcy, Section 362 automatically stays nearly all collection proceedings against the debtor or her property. *See* 11 U.S.C. § 362(a). Chapter 13 also permits debtors to save their homes by curing arrears on mortgage payments, *see id*. §§ 1322(a) & (c), and to discharge other debts upon successful completion of a payment plan, *id*. § 1328. Together, these protections give the "honest but unfortunate debtor" a "fresh start." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007).

But these protections can also be abused, intentionally or inadvertently. To check such abuse, the code imposes a number of duties on the would-be debtor, including numerous filing requirements and strict deadlines. *See, e.g.*, *id*. § 521 ("debtor's duties"); Fed. R. Bankr. P. 3015(b). When a debtor fails to comply, her case may be dismissed. *Id*. §§ 1307 & 521.

The power to dismiss derives primarily from Section 1307(c). Section 1307 authorizes bankruptcy courts, after notice and a hearing, to "convert a case under this chapter to a case under chapter 7 of this title, or . . . [to] dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." *Id*. § 1307(c). "[T]he decision to dismiss or convert is committed to the discretion of the bankruptcy court." *In re Blaise*, 219 B.R. 946, 949-50 (B.A.P. 2d Cir. 1998). So too is the decision "to dismiss a case with prejudice." *Wenegieme v. Macco*,

5

580 B.R. 17, 23 (E.D.N.Y. 2018) (quoting *In re Montalvo*, 416 B.R. 381, 388-89 (Bankr. E.D.N.Y. 2009)). Section 1307 itself identifies a nonexhaustive list of eleven grounds for dismissal. *See* 11 U.S.C. § 1307(c)(1)-(11); *Wenegieme*, 580 B.R. at 21. These include (i) unreasonable delay by the debtor that is prejudicial to creditors, and (ii) failure to timely file the statutorily required bankruptcy plan. 11 U.S.C. § 1307(c)(1), (3).

A court may also dismiss a case "for cause" under Section 1307(c) if it determines the debtor filed in bad faith. *Marrama*, 549 U.S. at 373-74. A determination that a debtor has filed in bad faith is made based on the totality of the circumstances. *Wenegieme*, 580 B.R. at 21 (quoting *In re Tornheim*, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999)). Factors indicating bad faith include serial filing, the lack of sufficient income to reorganize, filing to resolve a two-party dispute, and filing solely to obtain the benefit of the automatic stay. *See In re Plagakis*, No. 03-CV-728 (SJ), 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004); *Wenegieme*, 580 B.R. at 24 ("It is well-established that courts have discretion to bar re-filing of a bankruptcy action for periods of a year or longer . . . in cases of serial filings." (citing *In re Casse*, 198 F.3d 327, 339 (2d Cir. 1999)). The existence of bad faith "is a question of fact, and thus is reviewable under the clearly erroneous standard." *Wenegieme*, 580 B.R. at 22 (internal quotations omitted).

In addition, Section 521 requires dismissal for failure to file required tax statements, *see* 11 U.S.C. § 521(e)(2)(B), or any of the documents required by Section 521(a), *see id.* § 521(i)(1). A court must also bar a debtor from filing if she has had a bankruptcy case dismissed within the past 180 days for failure to comply with a bankruptcy court's orders. 11 U.S.C. § 109(g).

B.    **Dismissal is warranted.**

The bankruptcy court dismissed Ms. Miles's petition for cause under Section 1307(c) and for failure to comply with Section 521. *See* Dismissal Order. The Court also relied on 11 U.S.C.

§ 109(g). *Ibid*. Since Sections 1307(c) and 521 provide a sufficient basis to dismiss, I affirm on those grounds.

### 1. Ms. Miles engaged in serial filing without a proper bankruptcy purpose and failed comply with multiple deadlines.

When a debtor engages in "serial filing in an attempt to preserve [her] property, without complying with [a] debtor['s] duties . . . dismissal with prejudice to re-filing for a year" is "clearly warrant[ed]." *Wenegieme*, 580 B.R. at 24. This is Ms. Miles's third filing in sixteen months, *see* Appellant's Brief 4, and she appears to have neither filed for a proper purpose nor submitted required documents. Under such circumstances, dismissal is warranted on several grounds. *See Rivera v. JP Morgan Chase*, No. 20-CV-5436 (JMA), 2021 WL 1999410, at *4 (E.D.N.Y. May 19, 2021) (affirming dismissal for failure to file required documents and commence making payments); *see, e.g.*, *In re Plagakis*, 2004 WL 203090, at *4 (affirming dismissal for filing for an improper purpose); *In re Albert*, No. 10-CV-2835 (SJF), 2011 WL 1594953, at *2 (E.D.N.Y. Apr. 26, 2011) (dismissing for serial filing).

To begin, the record contains multiple indications of bad faith, justifying dismissal for cause under Section 1307(c). Ms. Miles's serial filing alone is sufficient to authorize dismissal. *See* Bankr. Dkt. ECF Entry 8/20/2020 (identifying appellant's prior filings). Serial filing is "a badge of bad faith." *In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999) (internal quotations omitted). When a bankruptcy court encounters repeat filing like Ms. Miles's, it possesses the power to "prohibit [the] serial filer from filing petitions." *Id.* at 339; *In re Albert*, 2011 WL 1594953, at *2.

Furthermore, in addition to repeat filing, Ms. Miles appears to have filed "solely to obtain an automatic stay." *In re Plagakis*, 2004 WL 203090, at *4. As Ms. Miles explains in her brief, she "filed Chapter 13 again hoping it would release [her] checking account," having determined that "the automatic stay was the remedy [she] needed." Appellant's Brief 4-5. Ms. Miles

7

expressed little interest at the hearing in curing possible arrears on her debt.  *See* Tr. 36:17-37:14 (explaining that Ms. Miles aimed to escape mortgage liability by leaving her condominium titled in her deceased mother's name); Tr. at 37:24-38:5 (The Court: "[T]here has to be a bankruptcy purpose here.  You have—if you're not proposing to cure the arrears on this debt, then you don't need to be in bankruptcy."  Ms. Miles: "And I do not want [to cure the arrears].").  And instead of filing the mandatory bankruptcy plan, tax statements, or other documents, Ms. Miles moved repeatedly to unfreeze the account using the automatic stay.  *See* Stay Mot.; Mot. re: Chase Acc't.  These facts strongly support a conclusion that Ms. Miles filed solely for the purpose of obtaining automatic stay.

Filing simply for the benefit of the automatic stay is not a proper bankruptcy purpose, and doing so constitutes grounds for dismissal.  *In re Froman*, 566 B.R. 641, 650 (S.D.N.Y. 2017).  This is especially true since Ms. Miles appears to have hoped to use the automatic stay as a "weapon[]"in a "two-party dispute," *In re Bridge to Life, Inc*., No. 05-CV-5499 (CPS), 2006 WL 1329778, at *7 (E.D.N.Y. May 16, 2006), with her cousin over the estate of a deceased relative, Appellant's Brief 4.  And since Ms. Miles states that her income is very low, Tr. 23:24-24:1 (placing her income at only $800 per month, or $9,600 per year), it seems unlikely she has sufficient income to discharge her debt.  This further indicates that Ms. Miles lacked a valid purpose.  *See In re Merhi*, 518 B.R. 705, 710 (Bankr. E.D.N.Y. 2014) (dismissing a debtor who lacked sufficient income to cure his arrears).  Taken together, Ms. Miles's serial filing, her single-minded focus on the automatic stay, her desire to use the stay as a weapon in the separate probate dispute, and the lack of sufficient income suffice to infer the bad faith required for a "for cause" dismissal.

Furthermore, Ms. Miles's dilatoriness provides additional grounds for dismissal under Section 1307(c) and Section 521. Under Section 1307(c)(1), "[f]ailure to file a plan combined with failure to file other required financial documents 'constitutes unreasonable delay by the debtor, and is cause for dismissal of the case.'" *In re Burgos*, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012) (quoting *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y.1983)); *In re Heidel*, No. 20-CV-50305 (JAM), 2020 WL 6809805, at *4 (Bankr. D. Conn. Nov. 18, 2020). Section 1307(c)(3) also expressly provides that failure to file a plan constitutes grounds for dismissal. 11 U.S.C. § 1307(c)(3). And Section 521 requires dismissal for failure to file required tax documents. *Id.* § 521.

Ms. Miles has fallen short of all three statutory requirements. First, Ms. Miles did not file her plan within the fourteen days that Rule 3015 allots. *See* Fed. R. Bankr. P. 3015(b). Failure to file the plan constitutes grounds for dismissal. *See* 11 U.S.C. § 1307(c)(3) (a case may be dismissed for "failure to file a plan timely"); *Rivera*, 2021 WL 1999410, at *4. Second, Ms. Miles failed to file required tax documents. This too can be grounds for dismissal under 11 U.S.C. § 521. *See Rivera*, 2021 WL 1999410 at *5. These filings were due September 16, 2020, seven days in advance of the meeting of creditors scheduled for September 23. *See* Notice of Rescheduled Telephonic 341 Meeting (Bankr. Dkt. #17) ("Notice of 341 Meeting"). Ms. Miles never filed them. Finally, Ms. Miles did not file to affidavits (i) identifying any changed circumstances from her previous filing, (ii) any domestic support obligations she owed, (iii) whether she paid her tax returns, and (iv) documentation of mortgage payments, as required by the bankruptcy court's local rules. *See* Bankr. E.D.N.Y. R. 2003-1. Failure to file "required financial documents" may constitute "unreasonable delay" under Section 1307(c)(1). *In re Burgos*, 476 B.R. at 111. These

documents were also due September 16. *See* Notice of 341 Meeting. To date, Ms. Miles has not filed them or moved for an extension of time to do so.

Ms. Miles has not offered any satisfactory explanation for her failure to comply with the bankruptcy rules. A debtor "has the responsibility to inform herself of her duties." *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010). Ms. Miles has had ample time to acquaint herself with the bankruptcy process, because she first filed for bankruptcy over a decade-and-a-half ago in 2003, *see In re Miles*, No. 03-BK-96643 (CRM) (Bankr. N.D. Ga.), and she has filed thrice more since—including twice in the previous sixteen months, *see* Appellant's Brief 4; *In re Miles*, No. 03-BK-80268 (CRM) (Bankr. N.D. Ga.). But Ms. Miles has failed to satisfy the requirements for filing her petition.

"Bankruptcy is a privilege, not a right." *Rivera*, 2021 WL 1999410, at *4 (quoting *In re Campora*, No. 14-CV-5066, 2015 WL 5178823, at *9 (E.D.N.Y. Sept. 3, 2015)). When a debtor engages in serial filing, *In re Albert*, 2011 WL 1594953, at *2, files solely to obtain the automatic stay, *In re Plagakis*, 2004 WL 203090, at *5, and has "not complied with a number of her obligations imposed by the Bankruptcy Code," Section 1307(c) relief "is appropriate," *In re Rivera*, 2021 WL 1999410, at *4 (quoting *In re Ward*, 423 B.R. at 34). Under these circumstances, the dismissal was warranted.

**2. Ms. Miles's arguments to the contrary are unavailing.**

On appeal, Ms. Miles challenges the order on seven grounds: (i) whether Ms. Miles had a right to file for bankruptcy under Chapter 13; (ii) whether the bankruptcy court abused its discretion in dismissing the case; (iii) whether Mr. Macco testified accurately; (iv) whether Ms. Miles was given sufficient time to respond to Mr. Macco's testimony; (v) whether "tactical motives" guided the bankruptcy court's ruling; (vi) whether Chase delayed the production of her

documents; and (vii) whether the bankruptcy court's failure to compel Chase to unfreeze the account while the automatic stay was in place violated her rights. *Id*. at 1-2.

Ms. Miles's first two objections are related, and they fail. Ms. Miles argues that the Constitution grants her a right to file for Chapter 13 bankruptcy. Appellant's Brief 1 & 3. But bankruptcy is a creature of statute, not a constitutional right. *See* U.S. Const. art. I, § 8, cl. 4 (granting Congress the power to enact bankruptcy laws). And "[a]lthough the law grants a generous measure of relief to debtors, this benefit is not gratuitous. The law also imposes a measure of responsibility." *In re Tornheim,* 239 B.R. at 687. In dismissing Ms. Miles's case pursuant to the statutory scheme Congress enacted, the bankruptcy court neither violated the Constitution nor abused its discretion. *See* pages 6-10, *supra*.

The third challenge, to the validity of Mr. Macco's statements, is equally unavailing. The record contains sufficient grounds for dismissing Ms. Miles's case without relying on Mr. Macco's representations. *See* pages 6-10, *supra* (relying on bankruptcy courts' dockets, Ms. Miles's statements at the hearing, her motions, and her brief, to affirm the dismissal—not Mr. Macco's representations).

Fourth, Ms. Miles argues she received insufficient time to respond to Mr. Macco at the hearing. Appellant's Brief 1. However, Ms. Miles identifies no statements to which Judge Craig prevented her from responding, and the hearing transcript does not suggest that Judge Craig barred rebuttal. "Bankruptcy judges enjoy broad discretion as to the type of hearing to conduct." *Washington v. Chapter 13 Tr.*, No. 19-CV-7028 (PKC), 2020 WL 5077403, at *3 (E.D.N.Y. Aug. 26, 2020) (quotations omitted), and Judge Craig gave Ms. Miles received ample opportunity to present her case. Tr. 19:22-21:10 (permitting Ms. Miles to discuss a probate matter even though Judge Craig had explained that dispute would not be resolved by the bankruptcy court); Tr. 22:23-

11

23:17 (same); Tr. 25:21-28:5 (exploring the status of Ms. Miles's condominium); Tr. 28:8-30:3 (exploring the status of another property); Tr. 31:24-33:16 (exploring Ms. Miles's income and the status of the condominium's mortgage). She offered Ms. Miles at least three opportunities to identify a legitimate purpose in filing bankruptcy, Tr. 26:24-25; Tr. 31:20-23; Tr. 33:17-18, and she asked multiple clarificatory questions, *e.g.*, Tr. 28:6-7; Tr. 28:14-16; Tr. 29:5-6; Tr. 31:20-33:18. At no point did Judge Craig deny Ms. Miles an opportunity to respond to Mr. Macco's statements. Finally, no new facts were presented after Ms. Miles disconnected from the hearing. *See* Tr. 41:6-44:3. Judge Craig had already begun to rule, and she simply concluded her ruling. *Ibid*.

Ms. Miles's next two objections are conclusory. First, she suggests that "tactical" motives directed the Court's ruling. Appellant's Brief 1. But a "conclusory assertion that the bankruptcy judge was biased against her [that] is unsupported by any evidence" is not grounds for reversal. *In re Taneja*, 789 F. App'x 907, 910 (2d Cir. 2019); *Liteky v. United States*, 510 U.S. 540, 555 (1994)) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (same).

Nor does Ms. Miles's next objection, that Chase's "actions or inactions" were "the reason" for her delay in producing her documents, carry any weight. Appellant's Brief 1. The only action or inaction by Chase that Ms. Miles alleges that plausibly impacted her case was the account freeze, which she suggests prevented her from hiring a lawyer. *See id* at. 2 ("If I was to afford an attorney . . ."). But even though she appears *pro se*, the duty to timely file remained squarely on Ms. Miles shoulders. *See Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (Even *pro se* litigants are "required to inform themselves regarding procedural rules and to comply with them.").

Lastly, Ms. Miles argues that the bankruptcy court violated her rights by failing to compel Chase to unfreeze her funds while the automatic stay was in effect. Appellant's Brief 1. But the "mere retention of property does not violate § 362(a)(3)," the automatic stay provision. *City of Chicago v. Fulton*, 141 S. Ct. 585, 589 (2021). The fact that Chase did not unfreeze her funds is not enough to indicate that the bankruptcy court erred.

**III.     The Court Lacks Jurisdiction Over the Chapter 7 Case and the Frozen Account**

The Court lacks jurisdiction to address matters beyond the dismissal order. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."). District courts may exercise only that jurisdiction granted to them by statute. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). This appeal relies on 28 U.S.C. § 158, *see* Appellant's Brief 1, and Section 158 grants district courts appellate jurisdiction in bankruptcy proceedings only over final bankruptcy court judgments, orders, and decrees, and certain interlocutory orders, *see* 28 U.S.C. § 158(a). Only one order—the dismissal of Ms. Miles's Chapter 13 action—has been appealed. *See* Notice of Appeal 1 (Dkt. #1). Therefore, I confine my review to this order alone.

Ms. Miles urges this Court to consider the propriety of the separate Chapter 7 proceeding and the status her frozen Chase account. *See* Appellant's Brief 2. However, since the bankruptcy court did not issue any judgment, order, or decree pertaining to either the Chapter 7 proceeding or the account, this Court, sitting in an appellate capacity, has nothing to review, and cannot exercise jurisdiction over these matters. *See* 28 U.S.C. § 158 (granting jurisdiction only over judgments, orders, and decrees). A district court only "review[s] what the bankruptcy court did," not the actions it might have taken. *In re Gravel*, 6 F.4th 503, 516 (2d Cir. 2021). Therefore, the Court cannot address the separate the Chapter 7 proceeding or the account freeze. It confines its review to the dismissal order alone.

## CONCLUSION

The appeal is denied and the order below is affirmed. The motions associated with the Chapter 7 proceeding and account freeze, *see* Mot. re: Ch. 7 Proceeding *and* Mot. re: Chase Acc't, are terminated. The Court notes that "resources are available to *pro se* debtors in this Court to assist them in obtaining counsel and to help them to understand their obligations." *In re Ward*, 423 B.R. at 34. These are available through the U.S. Bankruptcy Court for the Eastern District of New York. *See* "Obtaining Assistance from the Pro Se Law Clerk," E.D.N.Y. Bankr. Ct. Website, https://www.nyeb.uscourts.gov/obtaining-assistance-pro-se-law-clerk. The Clerk of Court is directed to close this case.

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: January 24, 2022
Brooklyn, New York